UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RAYMOND BISCHOFF**                                                     **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:09-CV-213-R**

**COMMONWEALTH OF KENTUCKY**                                     **DEFENDANT**

**MEMORANDUM AND ORDER**

Plaintiff, Raymond Bischoff, filed a complaint against the Commonwealth of Kentucky alleging violations of the Fifth and Fourteenth Amendments to the U.S. Constitution and 18 U.S.C. § 242 (DN 1). He has now filed an emergency motion for injunction to stop legal proceedings (DN 5). He states that he wants this Court to issue an injunction against any further legal proceedings against him or his property at 5215 Bardstown Rd., Louisville, Ky. He states that Defendant, Commonwealth of Kentucky, "has already shown outrageously unjust and outrageously arbitrary violations of Plaintiff's U.S. Constitution rights and property, costing Plaintiff losses of several hundred thousand dollars. Defendant now has further legal action against Plaintiff, AGAIN imposing procedural due process and just compensation violations . . . ." He further states that without injunctive relief, "Defendant's procedural precedence continues to violate all Kentucky property owner's rights and property."

The Court construes Plaintiff's emergency motion as a request for a preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the

injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The Court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 657 (6th Cir. 1996). The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue. *Int'l Longshoremen's Ass'n,* 927 F.2d at 903.

To establish immediate and irreparable harm there must be an actual, viable, presently existing threat of serious harm. *Mass. Coalition of Citizens with Disabilities v. Civil Defense Agency and Office of Emergency Preparedness of the Commonwealth of Mass.,* 649 F.2d 71, 74 (1st Cir. 1981). Plaintiff must show injury that is not remote or speculative, but is actual and imminent. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633 (1953); *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).

Plaintiff fails to show the existence of any immediate and irreparable injury. In fact, his motion does not state what action in particular Defendant is engaging in or will engage in. Moreover, he appears to be seeking at least in part to enjoin Defendant from violating "all Kentucky property owner's rights and property." Plaintiff may only assert those claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, Plaintiff cannot seek a preliminary injunction on behalf of other Kentucky property owners.

Accordingly, Plaintiff's emergency motion for injunction to stop legal proceedings (DN 5) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
4413.009