UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RAYMOND BISCHOFF**                                                                **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:09-CV-213-R**

**COMMONWEALTH OF KENTUCKY**                                                     **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Raymond Bischoff, filed a complaint against the "Commonwealth of Kentucky et al." alleging violations of the Fifth and Fourteenth Amendments to the U.S. Constitution and 18 U.S.C. § 242 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants the "Commonwealth of Kentucky et al." He cites as grounds for his complaint the Fifth and Fourteenth Amendments to the U.S. Constitution and 18 U.S.C. § 242. The statement-of-claim portion of the complaint alleges that the "Commonwealth of Kentucky et al." by final decree on May 20, 2008, violated his civil rights to procedural due process and just compensation for property taken. As relief, he requests a jury trial for presentation of grievances and supporting evidence, damages, and injunctive relief from Defendant taking any further action against Plaintiff.

### II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Constitutional claims*

The Court lacks subject matter jurisdiction over Plaintiff's constitutional claims against the Commonwealth of Kentucky because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves.  The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. CONST., amend. XI.  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above:  (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948.  None of these exceptions exist in this case.

Because Plaintiff's constitutional claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

*Claim under § 242*

Section 242 is part of the criminal code.  It provides criminal penalties, not civil remedies, for, among other things, "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," under color of a state law, statute, ordinance, regulation, or custom.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  The Court does not have the power to direct

that criminal charges be filed.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).  Therefore, Plaintiff's claim under this statute must be dismissed as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint.

Date:


cc:     Plaintiff, *pro se*
4413.009